UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STANLEY FRYAR                                                          PETITIONER


v.                                                CIVIL ACTION NO. 3:16-CV-00370-CRS


WARDEN AARON SMITH                                                     RESPONDENT

## MEMORANDUM OPINION

I.     Introduction

Stanley Fryar filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1. Warden Aaron Smith answered, ECF No. 12. Fryar did not reply. The magistrate judge made findings of fact, conclusions of law, and a recommendation that Fryar's petition be dismissed with prejudice and that Fryar be denied a certificate of appealability. R. & R., ECF No. 13. Fryar makes two objections to the magistrate judge's analysis: (1) he argues that the magistrate judge misconstrued his petition as a 28 U.S.C. § 2254 petition, rather than one under 28 U.S.C. § 2241; and (2) he objects to the magistrate judge's interpretation and use of *Carpenter v. Department of Corrections*, No. 3:11-42-DCR, 2012 WL 2021718 (E.D. Ky. June 5, 2012). Obj. R. & R. 1–3, ECF No. 14.

For the reasons below, the Court will adopt the magistrate judge's report and recommendation in full. The Court will deny Fryar's petition for a writ of habeas corpus. The Court will deny Fryar a certificate of appealability.

II.     Findings of Fact

In May of 2000, Fryar pled guilty to various charges of sodomy and sexual abuse in Boone County, Kentucky Circuit Court, and he was sentenced to a 20-year term of imprisonment. R. & R. 1, ECF No. 13. From January 2001 until early September 2010, Fryar was a resident at the Eastern Kentucky Correctional Complex (EKCC), where he claims he was a "model prisoner" who lived in the honor dorm for approximately 4 ½ years. *Id.* at 2. In 2010, Fryar was transferred to the Kentucky State Reformatory (KSR). *Id.*

On July 16, 2013, following his transfer, Fryar wrote a letter to Warden Gary Beckstrom requesting meritorious good time credits for his time spent at EKCC. *Id.* On July 19, 2013, Warden Beckstrom wrote a memorandum to Fryar, explaining that prison policy prohibited him from re-evaluating the decision of the prior warden at EKCC concerning the award or denial of meritorious good time. *Id.*

Fryar sought administrative appellate review of Warden Beckstrom's decision through the Kentucky Department of Corrections (KDOC) Office of Offender Information Services (OIS) as required by Corrections Policies and Procedures (CPP) 17.4. *Id.* On December 11, 2013, OIS Branch Manager Ashley Sullivan wrote a letter informing Fryar that a change in Kentucky Revised Statutes § 454.415 required Fryar to first contact the OIS staff at his institution before taking the appeal to the Central Office. *Id.*

On December 19, 2013, Fryar wrote to the OIS staff at his institution to request meritorious good time for his time spent at EKCC. *Id.* at 3. On December 26, 2013, OIS Specialist William Mustage wrote:

> Please understand that Meritorious Good Time (MGT) is a privilege, not a right. Even though a person may be eligible to be reviewed for MGT, this does not guarantee an award. KRS 197.045 gives the Commissioner discretion in awarding MGT. The commissioner has extended that discretion to the institutional staff. The Warden is the person at any institution whom will either approve or disapprove any MGT that is recommended by program staff. Just because a

program staff member recommends MGT does not guarantee that the individual will receive it. You were denied MGT for the time period in question for non-program participation and blocked for a period of twelve (12) months) [sic] on more than one occasion.

Upon consideration from Warden Clark Taylor, it has been decided to not lift the MGT block/denial which was placed while you were housed at the Eastern Kentucky Correctional Complex. Following the original denial and KSR's consideration, it is recommended that you contact the Warden at that institution where it was originally denied or blocked, as he/she may also choose to reconsider it.

*Id.* On January 2, 2014, Fryar against sought administrative review of this decision under CPP 17.4. *Id.* On January 27, 2014, Sullivan wrote back, informing Fryar that she had reviewed Mustage's response and concurred with his findings. *Id.* She advised Fryar of his right to appeal her decision to the sentencing court within thirty days of exhausting his administrative remedies under Kentucky Revised Statutes § 532.120(8). *Id.*

On March 11, 2014, Fryar moved under Kentucky Revised Statutes § 532.120(8) for an order directing application of meritorious good time credits in the Boone Circuit Court. *Id.* at 4. In his motion, Fryar alleged that he never received these credits due to clerical error on the part of EKCC staff. *Id.* On April 9, 2014, the Boone Circuit Court denied Fryar's motion. *Id.* The judge wrote, "KRS 197.045(1)(b)(2) states that the Commissioner of the Department of Corrections **may** award Meritorious Good Time Credit. Meritorious Good Time Credit is not a right, and is given solely at the discretion of the Department of Corrections." *Id.* Fryar filed a notice of appeal and on May 9, 2014 was granted leave to proceed in forma pauperis. *Id.*

On appeal, Fryar argued that while "prisoners do not have a right to parole or goodtime credits," KDOC could not arbitrarily interpret state law to deny such credits. *Id.* The Court of Appeals of Kentucky affirmed the trial court, stating:

KRS 197.045 states in part:

> (1) Any person convicted and sentenced to a state penal institution:
>
> > (b) **May** receive a credit on his or her sentence for:
> >
> > > 1. Good behavior in an amount not exceeding ten (10) days for each month served, **to be determined by the department** from the conduct of the prisoner;
> > >
> > > 2. Performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations and programs, awarded **at the discretion of the commissioner** in an amount not to exceed seven (7) days per month; and
> > >
> > > 3. Acts of exceptional service during times of emergency, awarded **at the discretion of the commissioner** in an amount not to exceed seven (7) days per month.

KRS 197.045(1)(b) (emphasis added). It is firmly established that awards of meritorious good time credits are purely in the discretion of the Department of Corrections. In *Hill v. Thompson*, 297 S.W.3d 892, 897 (Ky.App.2009), this court held that "such awards are entirely discretionary and inmates possess no automatic entitlement to them. Further, inmates do not have a liberty interest in the receipt of meritorious good time. *Hill* at 897. *See also Anderson v. Parker*, 964 S.W.2d 809 (Ky.App.2009).

. . .

Because it is clear that any award of meritorious good time is purely at the discretion of the Department of Corrections, and after reviewing the record, finding no abuse of discretion on the part of the Department of Corrections or the trial court, we must affirm. Mr. Fryar has no right to the award of any meritorious good time, as it is clearly a privilege. This Court will not disturb the discretionary findings of the Department of Corrections.

*Id.* at 4–6 (citing *Fryar v. Commonwealth*, No. 2014-CA-000776-MR, 2015 WL 2445117, at *1–2 (Ky. Ct. App. May 22, 2015)). On February 10, 2016, the Supreme Court of Kentucky denied Fryar's motion for discretionary review. *Id.* at 6.

III.   Conclusions of Law

Fryar now petitions for a writ of habeas corpus, asserting that the Warden has unlawfully denied him meritorious good time credits due to his inability to participate in a sex offender

treatment program (SOTP) because his request for transfer from EKCC to a Kentucky corrections facility that offers an SOTP program had been repeatedly denied. *Id.* at 1. He argues that KDOC and the Commonwealth of Kentucky have unconstitutionally extended his prison sentence in violation of the Due Process Clause of the United States Constitution. Pet. 5, ECF No. 1. The magistrate judge recommended that Fryar's petition be dismissed with prejudice and that he be denied a certificate of appealability. R. & R. 9, ECF No. 13.

This Court "must determine de novo any proposed finding or recommendation to which objection is made." Rule 8 of the Rules Governing § 2254 Cases.[1] This Court "may accept, reject, or modify any proposed finding or recommendation." *Id.* Fryar makes two objections to the magistrate judge's analysis: (1) he argues that the magistrate judge misconstrued his petition as a 28 U.S.C. § 2254 petition, rather than one under 28 U.S.C. § 2241; and (2) he objects to the magistrate judge's interpretation and use of *Carpenter*, 2012 WL 2021718. Obj. R. & R. 1–3, ECF No. 14.

## A.  The Magistrate Judge's Use of the Standard Under 28 U.S.C. § 2254

The magistrate judge stated, "Fryar has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254" and proceeded to apply the standard under that statute. R. & R. 6, ECF No. 13. Fryar objects to the magistrate judge's use of this standard. Obj. R. & R. 1–2, ECF No. 14. He asserts that his petition "was certainly not a 2254 petition, but a 2241 petition concerning a challenge or action which impacts the length of time he must stay in prison to satisfy the sentence." *Id.* at 2. He argues that the proper standard under 28 U.S.C. § 2241 should be applied. *Id.*

---

[1] Rule 8 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 Cases.

Fryar is correct that he filed his petition under 28 U.S.C. § 2241. *See* Pet. 1, ECF No. 1. Section 2241 is properly used for petitions which challenge "the manner in which a sentence is executed." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Thus, the computation of meritorious good time credits is a proper § 2241 challenge. *See, e.g.*, *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). Accordingly, contrary to the magistrate judge's conclusion otherwise, Fryar's petition for a writ of habeas corpus is one under 28 U.S.C. § 2241.

In the Sixth Circuit, however, state prisoners who proceed under 28 U.S.C. § 2241 do so subject to the restrictions imposed by § 2254. *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (citing *Greene v. Tenn. Dep't of Corr.*, 265 F. 3d 369, 371 (6th Cir. 2001)). "While a federal prisoner may collaterally attack the lawfulness of his sentence under § 2255 and the execution of his sentence under § 2241, for state prisoners, § 2254 is the proper vehicle for both types of collateral challenges." *Williams v. White*, No. 5:14-CV-159-GNS-LKK, 2015 WL 1298627, at *5 n.3 (W.D. Ky. Mar. 23, 2015) (citing *Allen*, 185 F. App'x 487). Thus, the magistrate judge correctly construed Fryar's petition as one under § 2254 for the purposes of his analysis.

Accordingly, Fryar's petition must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. §§ 2241(c)(3) and 2254(a). Neither the Constitution nor Kentucky statute creates a liberty interest in future meritorious good time. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). As such, prison officials have discretion under Kentucky Revised Statutes § 197.045(1) to deny prisoners future good time. *Id.* On de novo review, the Court sees no abuse of that discretion here. Because there is no right to accumulate meritorious good time credits, Fryar is not in custody in violation of the Constitution

or laws or treaties of the United States. Therefore, the Court will adopt the magistrate judge's conclusion of law and will deny Fryar's petition for a writ of habeas corpus.

## B. The Magistrate Judge's Interpretation and Use of *Carpenter*

The magistrate judge relied on *Carpenter* for further support of his conclusion that Fryar's petition should be denied. R. & R. 7–8, ECF No. 13. Fryar argues that this case is distinguishable. Obj. R. & R. 2, ECF No. 14. In *Carpenter*, the petitioner was convicted for both first-degree sexual abuse and for being a first-degree persistent felony offender. 2012 WL 2021718, at *1. KDOC refused to award Carpenter meritorious good time credit for any of his sentence until he completed the SOTP. *Id.* Carpenter refused to do so because he maintained his innocence of the sexual abuse charge. *Id.* Under Kentucky law, a sexual offender is not eligible for sentencing credits until he or she completes the SOTP. Ky. Rev. Stat. Ann. § 197.045(4). The court found that not only did the statute permit prison officials to deny Carpenter meritorious good time credits, but also that there was no constitutional right to meritorious good time credit. *Carpenter*, 2012 WL 2021718, at *2.

Fryar argues that *Carpenter* is distinguishable because Carpenter refused to complete the SOTP, while Fryar was denied the opportunity to participate in the SOTP. Obj. R. & R. 2–3, ECF No. 14. The Court agrees that *Carpenter* can be distinguished in this way. But regardless of these differences, *Carpenter* is relevant. *Carpenter* accurately lays out that there is "no constitutional right to meritorious good time credit." 2012 WL 2021718, at *2. It also points out that "Kentucky's good time statute permits, but does not require, the KDOC to award such credit." *Id.* (citing Ky. Rev. Stat. Ann. 197.045(1)(b)(1)). And it correctly concludes that "the award of meritorious good time credit is a privilege, not a right." *Id.* (citing *Anderson v. Parker*,

964 S.W.2d 809, 810 (Ky. Ct. App. 1997)). For these reasons, the Court will adopt the magistrate judge's report and recommendation and will deny Fryar's petition for a writ of habeas corpus.

IV.    Certificate of Appealability

Before Fryar may appeal this Court's decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Certificates of appealability are only available "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The question is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

The magistrate judge found that his conclusion and the decision of the Kentucky Court of Appeals was not contrary to law and was not "reasonably debatable by fair-minded jurists." R. & R. 8, ECF No. 13. On de novo review, this Court finds that reasonable jurists would not find this assessment of Fryar's petition to be debatable or wrong. There is no constitutional right to meritorious good time credits. Therefore, the Court will deny a certificate of appealability to Fryar on his petition for a writ of habeas corpus.

V.    Conclusion

The Court will adopt the magistrate judge's report and recommendation in full. The Court will deny Fryar's petition for a writ of habeas corpus. The Court will deny Fryar a certificate of appealability.

The Court will issue an order in accordance with this memorandum opinion.

July 12, 2017

Charles R. Simpson III, Senior Judge
United States District Court